UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CANDACE SITTNER, on behalf of herself and all others similarly situated, | ) ) ) | C/A: _____ |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) ) | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| COUNTRY CLUB, INC. d/b/a THE MASTERS CLUB; and MIKE KAP, individually, | ) ) ) ) | **(JURY TRIAL DEMANDED)** |
| Defendants. | ) ) | |

Plaintiff, Candace Sittner ("Sittner"), on behalf of herself and all others similarly situated, and all of the filed Opt-Ins to date (all jointly "Plaintiffs"), complaining of the acts of Defendants Country Club, Inc. d/b/a The Masters Club ("Masters") and Mike Kap ("Kap"), individually, (Masters and Kap collectively "Defendants"), alleges as follows:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for unpaid minimum wages and unpaid overtime wages, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA provide for opt-in class participation.

2. This action is also brought individually and as a class action for unauthorized deductions from wages, and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

1

**PARTIES, JURISDICTION, and VENUE**

3. Sittner is a citizen and resident of Horry County, State of South Carolina.

4. Upon information and belief, Masters is a South Carolina corporation maintaining offices and agents and otherwise doing business in Horry County, State of South Carolina, and was the employer of Plaintiffs in 2015.

5. Upon information and belief, Kap is a citizen and resident of Horry County, State of South Carolina, and an owner of Masters.

6. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

7. Sittner brings this action individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of classes of individuals who were employees of Masters at any time within the three years prior to joining this lawsuit and: (1) who were nonexempt employees paid an hourly rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour; or (2) who were misclassified by Masters as independent contractors.

8. Sittner also brings this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals employed by Masters at any time within the three (3) years prior to the commencement of this lawsuit and from whom Masters deducted amounts from wages without written notice or legal authorization pursuant to the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 et seq.

9. Upon information and belief, this action satisfies the requirements of Fed. R. Civ.

P. 23(a), as alleged in the following particulars:

    a.    The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

    b.    There are questions of law and/or fact common to the members of the proposed Plaintiff class;

    c.    The claims of Sittner are typical of the claims of the proposed Plaintiff class; and

    d.    Sittner will fairly and adequately protect the interests of the class.

10.    In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

11.    Based upon the above, jurisdiction and venue are proper in this court and division.

12.    The time and pay records of Sittner and the members of the Plaintiff class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## **FACTS**

13.    Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 12 as if repeated here verbatim.

14. Masters owns and operates a club in Myrtle Beach, South Carolina known as The Masters Club.

15. Kap exercises operational control over Masters; he has the authority to hire, discipline, and fire employees of Masters; and he was involved in the decisions to set the wages and pay for Plaintiffs.

16. Masters hired Sittner in March of 2014 and assigned her to be a "shooter girl." As a shooter girl, Masters required Sittner to purchase alcoholic shots from Masters for Sittner to sell the shots to Masters' customers.

17. Despite maintaining significant control over their work, Masters initially misclassified Sittner and the other "shooter girls" as independent contractors and paid them no direct hourly wage. Defendants misclassified Sittner and the members of the Plaintiff class as independent contractors, when in reality they were employees of Defendants under applicable legal standards.

18. Beginning in March 2015, Masters reclassified Sittner and the other "shooter girls" as hourly, non-exempt employees. Masters paid Sittner an hourly wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).

19. "Shooter girls," including Sittner, performed dances for customers, charging prices set by Masters. Masters required Sittner to remit to management and floor personnel a portion of the amount collected for each dance.

20. Each shift, Masters required Sittner to remit to management a portion of the tips she received.

21. Masters also required Sittner to accept payment from customers in the form of "G Bucks." Masters charged its customers a fee to convert credit card payments into "G Bucks."

4

Masters then charged Sittner a fee to convert any G Bucks she received from customers into cash.

22.     Plaintiffs questioned management of Masters on the club's payment practices, but Masters continued this illegal wage payment practice in reckless disregard for Plaintiffs' rights.

**FOR A FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act – Failure to Pay Minimum Wage)**
**(Individual and Collective Action)**

23.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 22 as if repeated here verbatim.

24.     At all times pertinent to this Complaint, Masters engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

25.     At all times relevant to this Complaint, Masters' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Sittner worked in interstate commerce so as to fall within the protection of the FLSA.

26.     The business of Masters was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Masters is subject to, and covered by, the FLSA.

27.     The individual Defendant, Kap, is also an "employer" under 29 U.S.C. § 203(d) because he has acted directly or indirectly in the interests of Defendant Masters in relation to its employees, including Sittner and the members of the Plaintiff class.

28.     Sittner and the members of the Plaintiff class were employees of Defendants for purposes of the FLSA during all times relevant to this Complaint

29.     The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

30.     The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain

5

employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any associated bona fide "Tip Pool" is shared only with other employees who customarily and regularly receive tips.

31. When the employer, its owners, or its managers share in the Tip Pool, the Tip Pool is invalidated. When the Tip Pool is invalidated, the employer can no longer enjoy the benefits of the Tip Credit provision, 29 U.S.C. § 203(m).

32. Without the benefit of the Tip Credit provision, Defendants must pay Plaintiffs an hourly rate of the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour for all hours worked, without any credit for the tips Plaintiffs received.

33. When the employer violates the rules of the Tip Credit, the employer further owes the total amount of tips that were deducted from employee's tips and redistributed illegally.

34. By paying Plaintiffs under claim of a Tip Credit, while subjecting Plaintiffs to an invalid Tip Pool, Defendants have violated the FLSA, 29 U.S.C. § 206, in reckless disregard of the rights of Plaintiffs.

35. By misclassifying Plaintiffs as independent contractors and paying Plaintiffs no direct wage, Defendants have violated the FLSA, 29 U.S.C. § 206, in reckless disregard of the rights of Plaintiffs.

36. Sittner and the members of the Plaintiff class are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. As such, Plaintiffs seek to recover from Defendants the following damages:

    a.    actual damages;

    b.    liquidated damages of an equal amount; and

c.   reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A SECOND CAUSE OF ACTION**
**(Fair Labor Standards Act – Failure to Pay Overtime Wages)**
**(Individual and Collective Action)**

38.   Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 37 as if repeated here verbatim.

39.   Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time-and–a-half for all hours worked over forty (40) hours in a workweek.

40.   Without the benefit of the Tip Credit provision, Defendants must pay Sittner and all other similarly situated employees the statutory minimum overtime wage of Ten and 88/100 dollars ($10.88) per hour for all hours worked over forty (40) hours in a workweek, including any hours worked off the clock.

41.   Defendants failed to pay Sittner and all other similarly situated employees overtime wages for all hours worked over forty (40) hours in a workweek.

42.   Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the rights of Plaintiffs.

43.   As such, Sittner seeks to recover from Defendants the following damages:

a.   actual damages;

b.   liquidated damages of an equal amount; and

c.   reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

44.   Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 43 as if repeated here verbatim.

45. Defendant Masters is an "employer" as defined by the SCPWA, S.C. Code Ann. § 41-10-10(1), because it employed individuals within the State of South Carolina.

46. Defendant Kap is also an "employer" as defined by the Payment of Wages Act because he is an officer or owner of Defendant Masters and had the authority and obligation to ensure that Masters complied with applicable state and federal laws regarding employee compensation.

47. Defendants employed Sittner and the members of the Plaintiff class within the State of South Carolina. Although these Defendants misclassified Sittner and the members of the Plaintiff class as "independent contractors," Sittner and the members of the Plaintiff class were truly "employees" of the Defendants for purposes of South Carolina law.

48. Defendants, by taking the Tip Credit, § 203(m) of the FLSA, intended that tips received by Plaintiffs would be wages paid by Defendants, therefore, money received by Plaintiffs directly from customers, including tips, were "wages" as defined by SCPWA, § 41-10-10(2).

49. Through the "G Bucks" system, Defendants paid Plaintiffs' wages in a medium other than United States money or negotiable check, in violation of SCPWA § 41-10-30(A), and Plaintiffs were required to pay Defendants a fee in order to convert their wages into United States money.

50. Defendants paid Plaintiffs in an illegal medium and illegally deducted amounts from the wages of Plaintiffs without providing proper written notice as required by SCPWA § 41-10-30(A).

51. Defendants' illegal deductions from the wages of Plaintiffs were willful and were made in bad faith.

52.     Pursuant to SCPWA § 41-10-80(C), Sittner and the members of the Plaintiff class are entitled to recover in this action an amount equal to three (3) times the full amount of their wages that were illegally deducted from their wages, plus reasonable attorneys' fees and costs.

## FOR A FOURTH CAUSE OF ACTION
### (Fair Labor Standards Act – Unlawful Kick-Backs)
### (Individual and Collective Action)

53.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 52 as if repeated here verbatim.

54.     The dance fees and mandatory tip-outs that Defendants required from Sittner and the members of the Plaintiff class constitute unlawful "kick-backs" to an employer under the FLSA.

55.     In addition, Defendants unlawfully charged other kick-backs to Sittner and the members of the Plaintiff class, including but not limited to requiring Plaintiffs to pay for conversion of "G Bucks" into cash and requiring Plaintiffs to pay for the alcoholic shots that they sold on the premises.

56.     Sittner and the members of the Plaintiff class are entitled to an award of back pay for all unlawful kick-backs required by Defendants.

57.     The unlawful kick-backs received by Defendants or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

58.     Sittner and the members of the Plaintiff class are also entitled to liquidated damages equal to the amount of unlawful kick-backs, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

59.     Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b)

9

### FOR A FIFTH CAUSE OF ACTION
### (Fair Labor Standards Act – Retaliation as to Sittner)
### (Individual Action)

60. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 59 as if repeated here verbatim.

61. During her employment with Defendants, Sittner frequently complained to her managers and co-workers about how she was compensated and how she was misclassified as an independent contractor when she was really an employee of Defendants.

62. Sittner's conduct in opposing and complaining about unlawful wage and hour violations constitutes protected activity under the FLSA.

63. Sittner was terminated on or about May 7, 2015 without legitimate cause.

64. Defendants unlawfully retaliated against Sittner, in violation of 29 U.S.C. § 215(a)(3), because of her complaints about the wage and hour violations committed by Defendants. All of the foregoing actions by Defendants constitute unlawful retaliation under the Fair Labor Standards Act.

65. Defendant Kap is also individually liable for the retaliatory acts of Defendants because he is an "employer" under the FLSA and directed or condoned such unlawful retaliation, or he knew or should have known about the unlawful retaliation, but failed to take any steps to correct or remedy the unlawful conduct.

66. As a direct and proximate result of Defendants' unlawful retaliation, Sittner has suffered actual damages, including lost pay and benefits. Sittner is entitled to an award of back pay and benefits to compensate for her economic damages.

67. Defendants' retaliation against Sittner in violation of the FLSA was knowing, willful, intentional, and done in bad faith. Sittner is, therefore, also entitled to liquidated

damages equal to the amount of back pay and benefits due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68.     Sittner is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

### FOR A SIXTH CAUSE OF ACTION
**(Fair Labor Standards Act – Retaliation as to Emily Samuels)**
**(Individual Action)**

69.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 68 as if repeated here verbatim.

70.     During her employment with Defendants, Emily Samuels ("Samuels") frequently complained to her managers and co-workers about how she was compensated and how she was misclassified as an independent contractor when she was really an employee of Defendants.

71.     Samuels' conduct in opposing and complaining about unlawful wage and hour violations constitutes protected activity under the FLSA.

72.     Samuels was terminated on or about May 7, 2015 without legitimate cause.

73.     Defendants unlawfully retaliated against Samuels, in violation of 29 U.S.C. § 215(a)(3), because of her complaints about the wage and hour violations committed by Defendants. All of the foregoing actions by Defendants constitute unlawful retaliation under the Fair Labor Standards Act.

74.     Defendant Kap is also individually liable for the retaliatory acts of Defendants because he is an "employer" under the FLSA and directed or condoned such unlawful retaliation, or he knew or should have known about the unlawful retaliation, but failed to take any steps to correct or remedy the unlawful conduct.

75.     As a direct and proximate result of Defendants' unlawful retaliation, Samuels has

suffered actual damages, including lost pay and benefits. Samuels is entitled to an award of back pay and benefits to compensate for her economic damages.

76. Defendants' retaliation against Samuels in violation of the FLSA was knowing, willful, intentional, and done in bad faith. Samuels is, therefore, also entitled to liquidated damages equal to the amount of back pay and benefits due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77. Samuels is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiff respectfully requests that the Court enter judgment for the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the collective action, but have yet "opted-in," under the FLSA;

b. Actual damages in the amount of minimum wages due;

c. Liquidated damages of an equal amount;

d. The amount of tips deducted from their wages and redistributed illegally;

e. Actual damages in the amount of overtime wages due;

f. Liquidated damages of an equal amount;

g. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

h. Actual damages in the amount of wages due under SCPWA;

i. Treble damages pursuant to SCPWA;

j. Reasonable attorneys' fees and costs;

k. Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable federal and state laws; and

l. Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

 

_____
Bruce E. Miller, Esq. (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

– and –

David E. Rothstein (Fed. Bar No. 6695)
Michael G. Corley (Fed. Bar No. 10590)
ROTHSTEIN LAW FIRM, P.A.
1312 Augusta Street
Greenville, SC  29605
T: 864.232.5870
F: 864.241.1386
mcorley@rothsteinlawfirm.com
drothstein@rothsteinlawfirm.com

**ATTORNEYS FOR CANDACE SITTNER,**
**on behalf of herself and**
**all others similarly situated**

CHARLESTON, SC

December 23, 2015