UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CANDACE SITTNER, on behalf of herself and all others similarly situated, | ) ) ) | C/A: 4:15-cv-05043-RBH |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER APPROVING SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** |
| COUNTRY CLUB, INC. d/b/a THE MASTERS CLUB; and MIKE KAP, individually, | ) ) ) ) | |
| Defendants. | ) ) | |

      This matter comes before the Court by way of a Joint Motion. The attorneys for Plaintiffs and Defendants (jointly "Parties") request approval of the Settlement Agreement reached between the Parties.

      Plaintiffs alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereafter "FLSA"), in particular, by violating § 203(m), the Tip Credit. Defendants denied any liability under the FLSA. There are disputes between the Parties as to the underlying facts and the controlling law. Nonetheless, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future costs of litigation.[1]

---

[1] Copies of the Settlement Agreements were provided to the Court for review *in camera*. The settlement agreements involve the claims of three individual plaintiffs (Candace Sittner, Brittany Sloan, and Emily Samuels) and no class has been certified. The Parties desire to maintain the confidential Settlement Agreements. While the Parties have not filed the agreements with the court, they do seek the court's *in camera* review and approval of the confidential settlement pursuant to *Taylor v. Progress Energy, Inc*., 415 F.3d 364 (4th Cir. 2005). The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Rule 5.03(e). This agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e. a

Order Approving Settlement Under the Fair Labor Standards Act
C/A: 4:15-cv-05043-RBH

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA claim against Defendants, and review of the Settlement Agreement,[2] I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the Parties. I further find the settlement to have been reached in good faith.

The receipt of payment by each of the Plaintiffs in this matter shall constitute an accord, satisfaction, and release of any and all wage and hour claims any such individual may have against the Defendants arising out of their employment with Defendants.

Based upon the Parties' joint request to approve the settlement and after review of the Settlement Agreement, the court approves the Settlement Agreement as requested by the Parties.

---

settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court." Joseph F. Anderson, Jr., *Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy*, 55 S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the Parties to keep silent. Rather, the Parties have agreed among themselves not to disclose the terms.

[2] The Settlement Agreements have been approved and signed by all Parties.

Order Approving Settlement Under the Fair Labor Standards Act
C/A: 4:15-cv-05043-RBH

The court shall retain jurisdiction of this action until all obligations pursuant to the Settlement Agreement have been made and a stipulation of dismissal is filed.

     **IT IS ORDERED** that the terms of the settlement in this action are approved.

| | |
|---|---|
| September 14, 2017 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |